UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDWARD TRAMMEL, ) | |
| ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:13cv00813HEA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's motion to Vacate, Set Aside or Correct Sentence [Doc. #1] pursuant to 28 U.S.C. § 2255. The United States has responded to the motion. For the reasons set forth below the Motion will be denied without hearing.

**Facts and Background[1]**

On August 17, 2010, law enforcement officers received a phone call from Petitioner's neighbor stating that Petitioner had been videotaping Petitioner's step-

---

[1] The facts are taken from the Presentence investigation report and the plea agreement filed in this matter.

daughter, S.H., while she was showering. Officers responded to Petitioner's residence located at 9908 Juniper Court. St. Louis.

When the officers arrived at the location they spoke with S.H. She informed that, earlier in the day, she located a cell phone in the bathroom while she was taking a shower. The cell phone was in video-record mode. As she examined the cell phone, she observed another video from the previous day of her showering. S.H. left the house and went to a neighbor's house, whereupon the police were called.

Officers seized a cell phone from Petitioner, which was identified by Victim S.H. as the one she had found in the bathroom. The police officers viewed a video-recording depicting Petitioner positioning the cell phone in the bathroom to capture images of the shower and then, within ten seconds of Petitioner disappearing from the view of the camera, victim S.H. entering the bathroom wearing a towel, removing the towel, and entering the shower.

Petitioner was interviewed and after being advised of his constitutional rights pursuant to *Miranda v. Arizona*, Petitioner admitted that he had video-recorded his step-daughter with his cell phone while she was showering. He also acknowledged that he had video-recorded his step- daughter on previous occasions while she was taking a shower. He also stated that he masturbated to a prior video that he had taken of her in this manner.

The cell phone was forensically examined and the contents of the phone included images of victim S.H. taking a shower, with those images depicting the lascivious display of S.H.'s genitals. Petitioner admitted that he took the above-identified images of S.H. He further admitted he utilized the AT&T Samsung Propel earlier described to produce the

images. Petitioner further admitted that the AT&T Samsung Propel earlier described was manufactured outside the State of Missouri.

S.H. was fourteen years old at the time Petitioner produced the above-described images of the victim. During the time Petitioner produced the above-described images, Petitioner was the step-father of S.H. and, therefore, was a "parent, relative, or legal guardian of the minor involved in the offense" or S.H. was "otherwise in the custody, care, or supervisory control of the defendant."

## **PROCEDURAL HISTORY**

A federal grand jury sitting in St. Louis returned a two-count indictment against Petitioner on June 2, 2011, charging him the production of child pornography in Count I and the possession of child-pornography in Count II. Petitioner elected to enter a plea of guilty on March 9, 2012, to Count I of the indictment, in exchange for the Government dismissing Count II.

On July 9, 2012, Petitioner appeared before this Court for sentencing. A sentence of 180 months incarceration, which was the mandatory minimum, was imposed. Petitioner did not appeal his conviction or sentence to the Eighth Circuit Court of Appeals.

On April 29, 2013, this Court received Petitioner's § 2255 motion for post-conviction relief. The motion was timely filed. For the reasons set forth below, however, the request for post-conviction relief will be denied.

## **CLAIMS**

There are four claims for relief raised by Petitioner. First, he claims he is actually innocent. Second, he claims he received ineffective assistance of counsel. Third, he asserts prosecutorial misconduct. Fourth, he asserts "plain error."

**1. ACTUAL INNOCENCE**

Petitioner asserts:

> The Essential Elements of the charged crime were not present in this case. The "Dost Factors" are the standard and they were not met. There was no judicial finding of fact on this issue. The key Essential Elements of "Lascivious Display" and "Focal Point" are clearly lacking.
>
> Although a plea was entered, I was not given the information needed to willfully and knowingly enter such plea, thus, it should be set aside. As Attorneys, both Defense Counsel and Prosecutor, as well as the Judge, should have prevented this miscarriage of justice.

Petitioner's § 2255 motion, p. 5.

On this claim Petitioner must show that in light of all the evidence, "it is more likely than not that *no* reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Jennings v. United States*, 696 F.3d 759, 765 (8th Cir. 2012) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)) (emphasis supplied). "Actual innocence" means factual innocence, not mere legal insufficiency. *Jennings*, 696 F.3d at 765. "The standard is strict; a party generally cannot demonstrate actual innocence where there is sufficient evidence to support a conviction." *Jennings*, 428 F.3d at 783.

Petitioner argues that the victim's genitals were not seen on the recording. However, Petitioner is entirely misguided on this assertion. The image depicted the victim walking into the bathroom, removing a towel to reveal total nudity and then entering the shower. Full frontal nudity was further revealed as she reached to pull the shower curtain closed. When the shower was over, the victim opened the shower curtain and full-frontal nudity was again visible on the recording as she dried herself off with a towel and stepped out of the shower. Based upon this image of the victim's genitals, a federal grand jury found probable cause existed to indict Petitioner based upon the fact that the video image at issue depicted the lascivious display of the victim's genitals.

In addition, the Plea Agreement signed by Petitioner contained his admission to the statement of facts set out in the Plea Agreement. The facts specifically stated that the image in question depicted the "lascivious display of the genitals."

During the plea colloquy Petitioner, under oath, that the facts were true and correct. Petitioner admitted that the video image depicted the lascivious display of the genitals. There was only one image. Petitioner's sworn statements before a court "carry a strong degree of verity and pose a formidable barrier in any subsequent collateral proceedings." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997).

In determining whether images are "lascivious," the Eighth Circuit has often enumerated the *Dost* factors. *United States v. Johnson*, 639 F.3d 433, 439 (8th Cir. 2011). The *Dost* factors include: (1) whether the focal point of the picture is on the minor's genitals or pubic area; (2) whether the setting of the picture is sexually suggestive; (3) whether the minor is depicted in unnatural poses or inappropriate attire considering the minor's age; (4) whether the minor is fully or partially clothed or is nude; (5) whether the picture suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the image is intended to elicit a sexual response in the viewer. *Id*. at 439-40.

Petitioner fails to appreciate "[a]ll six *Dost* factors need not be present in order to bring the depiction under the proscription of the statute." *Id*. (quoting *United States v. Wallenfang*, 568 F.3d 649, 657 (8th Cir. 2009)). The fact that a minor child in an image is not acting in an obvious sexual manner, suggesting coyness or a willingness to engage in sexual activity does not necessarily indicate that the video itself was not intended to be lascivious. *Johnson*, 639 F.3d at 440. The Court noted that "'lascivious exhibition'" need not necessarily be "the work of the child, whose innocence is not in question, but of the producer or editor of the video." *Horn*, 187 F.3d at 790. Thus, even images of children acting innocently can be considered lascivious if they are intended to be sexual. The Court also made it clear that the fact that three of the *Dost* factors - a sexually suggestive setting,

6

inappropriate attire or unnatural poses, and a suggestion of sexual coyness - were not relevant to that case did not prevent the images from being lascivious. *Id.*

Here, the camera was set up I the victim's bathroom and focused toward the shower. Petitioner had previously recorded footage of the victim and admitted he masturbated to those images of the victim in the shower area of the bathroom. Petitioner's successful attempt to videotape the victim in the privacy of a bathroom as she took a shower would enable a jury to conclude that he was producing child pornography. *See United States v. Johnson*, 639 F.3d 433 (8th Cir. 2011); *United States v Kemmerling*, 285 F.3d 644 (8th Cir. 2002); *United States v. Horn*, 187 F.3d 781 (8th Cir. 1999). The actual innocence exception is not available to Petitioner.

## 2. INEFFECTIVE ASSISTANCE OF COUNSEL

**Standard**

To succeed on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced the movant's case. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Sera*, 267 F.3d. 872, 874 (8th Cir. 2001); *DeRoo*, 233 F.3d. at 925.

An attorney's performance is deficient if it falls "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88; *Sera*, 267 F.3d. at 874. There are two substantial impediments to making such a showing. First, there

is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Rice*, 449 F.3d. 887, 897 (8th Cir. 2006) (*quoting Strickland*, 466 U.S. at 689); *Sera*, 267 F.3d. at 874; *see also Ford v. Lockhart*, 905 F.2d. 458, 462 (8th Cir. 1990) (evaluation of a claim of ineffective assistance of counsel is highly deferential with a strong presumption that counsel acted competently). Second, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Rice*, 449 F.3d at 897 (*quoting Strickland*, 466 U.S. at 690). When reviewing counsel's performance, a court must avoid using "the distorting effects of hindsight" and must evaluate the reasonableness of counsel's conduct "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

In addition to proving a deficiency in counsel's performance, the movant must also prove that "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Strickland*, 466 U.S. at 696. The burden is on the movant to prove, by a preponderance of the evidence, that "there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *DeRoo*, 233 F.3d at 925.

A court need not even determine whether a movant meets the "performance" prong of the *Strickland* test. "'If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.'" *Young v. Bowersox*, 161 F.3d 1159, 1160 (8th Cir. 1998) (*quoting Strickland*, 466 U.S. at 697), *cert. denied*, 528 U.S. 880 (1998); *see also Kingsberry v. United States*, 202 F.3d 1030, 1032 (8th Cir.) (if the petitioner makes an insufficient showing on one component, the court need not address both components), *cert. denied*, 531 U.S. 829 (2000).

**Claims of Petitioner**

Petitioner claims counsel was ineffective because counsel "did not research the charges to discover if [Petitioner] was legally and properly charged nor research the charge itself to verify the crime alleged was committed." Counsel did not provide constitutionally infirm representation by failing to research the charges to discover if Petitioner was "legally and properly charged" and to "verify the crime alleged was committed." As noted earlier, the image, produced by Petitioner, of his step-daughter depicted the lascivious display of her genitals. This was in violation of Title 18 U.S.C. § 2251(a). The "prejudice" prong of the *Strickland* analysis is not established by Petitioner.

Next Petitioner argues counsel was ineffective because counsel "did not entertain nor prepare any defense strategy, simply claiming that if [Petitioner] went

9

to trial the government would push for the maximum sentence, not taking into account [Petitioner's] lack of criminal history." Petitioner does not set forth what defense strategy counsel should have employed. Since there is no suggested defense strategy Petitioner cannot establish prejudice. Petitioner cannot establish that the outcome of his criminal proceedings would have been different had only counsel employed a particular defense strategy. In the context of a guilty plea, in order for Petitioner to establish prejudice, he must show that, had counsel employed this unarticulated defense strategy, he would not have entered a guilty plea but would have insisted on proceeding to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (In the context of a guilty plea, Movant needs to show that there was a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.).

Petitioner asserts that his counsel "did not adequately inform as to the crime that [Petitioner] allegedly committed" and, as a result, was ineffective. The record is replete with detailed explanations of the charge, including the plea agreement and the inquiry of the Petitioner by this court. Petitioner cannot establish the "prejudice" prong of the *Strickland* analysis. As stated by the Eighth Circuit "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Young v. Bowersox*, 161 F.3d at 1160 (8th Cir. 1998). During the plea proceedings,

Petitioner never expressed confusion or a lack of understanding relative the charges. On the contrary he expressed he fully understand the nature of the charges and the offense to which he was entering a plea of guilty. The facts supporting the crime were set out.

The Petitioner next complains counsel failed to inform him adequately about the terms and conditions of the plea agreement. This court inquired of the Petitioner, during the plea colloquy regarding his knowledge and understanding of the plea agreement. The Government set forth the terms and conditions of the plea agreement on the record. In each instance Petitioner stated he understood all of the aspects of the plea agreement. He affirmed his understanding of the plea agreement while under oath. In addition, he had the opportunity to inform the court at sentencing as to whether there were any deficiencies in the plea agreement or his understanding of any matters related to the plea agreement. He did not do so. The claim is fatally flawed.

Petitioner also avers that counsel was ineffective in not adequately informing him of the ramifications of his plea of guilty and in failing to explain the Sentencing Guidelines to him. As with his other claims these fail as well. While Petitioner was under oath at the plea hearing, the range of punishment was outlined on the record which included a 15 year mandatory minimum sentence. This was also set out in the plea agreement. Petitioner stated he understood the range of

11

punishment and that it was reviewed with his attorney. It was also noted in the guilty plea agreement that he stated was reviewed by him with his attorney.

The claim regarding the failure to explain the Sentencing Guidelines goes to the "performance" prong inquiry which the court will not address since Petitioner cannot meet the "prejudice" prong of the *Strickland* analysis. *Cagle v. Norris*, 474 .3d 1090, 1097 (8th Cir. 2007) (finding Movant failed to meet burden under *Strickland* because even if counsel=s representation fell below an objective standard of reasonableness, the representation did not result in prejudice). Trammel stated under oath he read and reviewed the plea agreement; was advised on the plea agreement; understood the plea agreement; understood the range of punishment; and did not express any concerns, lack of understanding, or confusion regarding any matter relating to his plea of guilty.

### 3. PROSECUTORIAL MISCONDUCT

On this issue Petitioner avers that:

The Law Enforcement and prosecution personnel knew [or] should have known that my actions were not a violation of the Statute as charged, but prosecuted me under them anyway.

The prosecution knew or should have known and disclosed potential conflict with their personnel relative [to] the witnesses and involved parties.

The prosecution acted illegally in the seizure of items and not returning uninvolved item in a timely manner as proscribed by law.

The probation office prepared a false and/or misleading Presentence Report stating that the Defendant was guilty of the crime charged when, in fact,

12

my actions did not meet the requirements of the "Dost Criteria".

§ 2255 Motion, p. 8.

Much of what Petitioner alleges in this ground is a rehash of arguments addressed earlier by the court. There is no support anywhere in the record for any of the assertions set forth in this ground for relief. He has not delineated any specifics regarding "conflicts"; he has failed to demonstrate in any regard how the conduct was not a violation of the law; and he has likewise failed to provide any basis for the Presentence Report being false or misleading in any manner.

**4. PLAIN ERRO**

In his last ground for relief, Trammel asserts that the Court did not review the digital clip to independently ascertain in fact and law, it was a violation of the statute charged and was therefore deficient to sustain a conviction pursuant to the "Dost Criteria". In asserting these arguments, Petitioner fails to recognize that the "plain error" analysis does not apply here. He further asserts these were obvious errors and these errors prejudiced his substantial rights. Petitioner also re-asserts claims of ineffective assistance of counsel, which the court has already addressed and found to be without support.

**Conclusion**

Based upon the foregoing analysis, Movant has failed to establish he is entitled to a hearing and has failed to present any basis upon which the Court may grant relief.

### Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DENIED** in all respects.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal will be filed separately.

Dated this 8th day of August, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE