UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD TRAMMEL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  4:13-CV-00813-HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**UNITED STATES' RESPONSE TO PETITIONER'S MOTION FOR RELIEF FROM
JUDGMENT UNDER RULE 60(B)(6)**

COMES NOW the United States of America, by and through Sayler A. Fleming, United

States Attorney for the Eastern District of Missouri, and Nathan L. Chapman, Assistant United

States Attorney for said District, and files its Response to Petitioner's "Motion for Relief from

Judgment" (Doc. #15) (hereinafter, "Motion").  For reasons set forth below, the United States

respectfully moves this Court for an order summarily dismissing Petitioner's Motion.

**I.      PROCEDURAL HISTORY**

Petitioner was indicted by a federal grand jury on June 2, 2011. The two-count indictment

charged the attempted production of child pornography in Count I, and the possession of child-

pornography in Count II. Petitioner elected to enter a plea of guilty on March 9, 2012, to Count I

of the indictment, in exchange for the Government dismissing Count II.

On July 9, 2012, Petitioner appeared before this Court for sentencing. The Court imposed

a sentence of 180 months' incarceration, which was the mandatory minimum sentence. Petitioner

did not appeal his conviction or sentence to the Eighth Circuit Court of Appeals.

On April 29, 2013, this Court received Petitioner's § 2255 motion for post-conviction relief. (Doc. #1).  The motion was timely filed.  On August 8, 2016, this Court issued its "Opinion, Memorandum, and Order," denying Petitioner's motion without hearing. (Doc. #26).  Thereafter, Petitioner took no action.  On January 11, 2023 – over six years after his petition was denied – Petitioner filed the instant motion.

## II.   <u>ANALYSIS</u>

Federal Rule of Civil Procedure 60(b) can be used to attack a "defect in the integrity of the federal habeas proceedings."  *Gonzalez v. Crosby*, 545 U.S. 524, 532-33 (2005).  Rule 60(b) cannot, however, be used to attack a "previous resolution of a claim *on the merits*," *id*. at 532 (emphasis in original), or assert a claim for relief from a judgment of conviction.  *Id*. at 530.  For the purpose of determining whether the motion is a habeas corpus application, a claim is defined as an attack on the "federal court's previous resolution of the claim on the merits." *Id.* at 532. "When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

As set forth in Title 28, U.S.C. § 2255(h):

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Title 28, U.S.C. § 2255(h).

Under 28 U.S.C. § 2255(h), cross-referencing 28 U.S.C. § 2244(b)(3), motions that are not "certified as provided in section 2244 by a panel of the appropriate court of appeals" are dismissed. *See United States v. Lee*, 792 F.3d 1021, 1023-25 (8th Cir. 2015) (affirming dismissal of Rule

60(b) motion as unauthorized successive § 2255); *Ward v. Norris*, 577 F.3d 925, 932-35 (8th Cir. 2009) (affirming dismissal of Rule 60(b) motion that requested a second opportunity to have the merits determined favorably as an unauthorized successive § 2255); *Tyler v. Purkett*, 413 F.3d 696, 700-01 (8th Cir. 2005); *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (if district court determines Rule 60(b) motion is actually second habeas petition, court has discretion to dismiss it for failure to obtain authorization); *see also United States v. Patton*, 309 F.3d 1093, 1094 (8th Cir. 2002) (per curiam) (inmates may not bypass authorization requirement of § 2255 by purporting to invoke some other procedure); *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (same).

Petitioner's motion is his "second," since his original motion under § 2255 was denied on August 8, 2016.  In this Court's "Opinion, Memorandum and Order," Petitioner's claims were considered on their merit and denied.  As Petitioner has not had this second motion certified by the Court of Appeals, it should be dismissed.

## III.   <u>BASIS OF PETITIONER'S MOTION</u>

In his motion, Petitioner cites *United States v. McCoy,* 55 F.4th 658 (8th Cir. 2022) as his basis for relief.   The United States notes several differences between *McCoy*'s case and Petitioner's.  First, *McCoy* took his case to trial and contested the sufficiency of the evidence as to whether the videos in question showed a "lascivious" display of the genitals.  Here, Petitioner pleaded guilty and, as part of his plea agreement, expressly admitted the lascivious content of his surreptitious recording.   Indeed, this Court already found in its "Opinion, Memorandum and Order:"

> …[T]he Plea Agreement signed by Petitioner contained his admission to the statement of facts set out in the Plea Agreement.  The facts specifically stated that the image in question depicted "lascivious display of the genitals."

During the plea colloquy Petitioner…admitted that the video image depicted a lascivious display of the genitals.

(Doc. #26, pg. 5).

In addition, *McCoy* distinguishes its holding from cases where the sexual exploitation of children under 18 U.S.C. § 2251 is charged as an "attempt." *McCoy* 55 F.4th at 661-662.  Although Petitioner ultimately pleaded guilty to a completed offense under § 2251, he was originally indicted for an attempt to commit an offense under § 2251.

Lastly, on January 30, 2023, the United States filed a "Petition for Rehearing *En Banc*" in *United States of America v. McCoy*, 55 F.4th 658 (8th Cir. 2022).  Thus, even if the Court were to conclude that it could address the merits here, the government requests that any such determination be delayed until the Eight circuit has an opportunity to rule on the petition.

IV.    **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court dismiss Petitioner's Motion for Relief from Judgment Under Rule 60(b).

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney


 *s/ Nathan L. Chapman*
NATHAN L. CHAPMAN, #60978MO
Assistant United States Attorney

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 6, 2023, a copy of the foregoing motion was mailed

postage prepaid United States Mail first class to:


**Edward Trammel, #38976-044**
SEAGOVILLE FCI, U.S. PENITENTIARY
P.O. BOX 9000
SEAGOVILLE, TX 75159-9000

/s/ <i>Nathan L. Chapman</i>
NATHAN L. CHAPMAN
Assistant United States Attorney
