**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EDWARD TRAMMEL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:13CV813 HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

Petitioner filed a motion to vacate, set aside or correct his sentence under 28

U.S.C. § 2255. On August 8, 2016, this court denied Petitioner's Motion. Petitioner

now moves relief from the judgment under Rule 60(b). [Doc. No. 40]

Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just

terms, the court may relieve a party ... from a final judgment" for the following

reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
> discovered evidence that, with reasonable diligence, could not have been
> discovered in time to move for a new trial under Rule 59(b); (3) fraud
> (whether previously called intrinsic or extrinsic), misrepresentation, or
> misconduct by an opposing party; (4) the judgment is void; (5) the judgment
> has been satisfied, released, or discharged; it is based on an earlier judgment
> that has been reversed or vacated; or applying it prospectively is no longer
> equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Petitioner argues that he is entitled to relief from the

judgment denying his habeas petition under Rule 60(b)(6). "A district court should

grant a Rule 60(b) motion only upon an adequate showing of exceptional

circumstances." *Richards v. Aramark Servs., Inc.*, 108 F.3d 925, 927 (8th Cir. 1997)

(internal quotation omitted). A district court has "wide discretion" in ruling on a

Rule 60(b)(6) motion. *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008).

Petitioner argues the Eighth Circuit decision in *United States v. McCoy*, 55

F.4th 658, (8th Cir. 2022)(*McCoy I)*, reh'g en banc granted, opinion vacated, No.

21-3895, 2023 WL 2440852 (8th Cir. Mar. 10, 2023), establishes that his

conviction is invalid.

On March 10, 2023, the Eighth Circuit vacated the Opinion in *McCoy I*. On

July 15, 2024, the Court affirmed the district court instruction regarding the type of

activity to which Petitioner in this case pled guilty was not plainly erroneous as to

*McCoy*. *McCoy II*, 108 F.4th 639, 642 (8th Cir. 2024)    Thus, the basis of

Petitioner's instant motion is without merit.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Relief of

Judgment, [Doc. No. 40] is **DENIED**.

Dated this 15ᵗʰ day of October,  2024.

 

 

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE